UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
Brian G. McNamee,

        Plaintiff                                    09 CV 1647 (SJ) (CLP)

    v.

                                                     ORDER AND MEMORANDUM

Roger Clemens,

        Defendant.

--------------------------------------------------X

A P P E A R A N C E S

Emery Celli Brinckerhoff & Abady LLP
75 Rockefeller Plaza
20th Floor
New York, NY 10019
By:    Richard D. Emery, Earl Ward, Debra L. Greenberger
*Attorneys for Plaintiff*

Rusty Hardin & Associates, LLP
1401 McKinney Street
Suite 2250
Houston, Texas 77010
By:    Joe Roden, Jeremy T. Monthly
*Attorneys for Defendant*

JOHNSON, Senior District Judge,

      Defendant Roger Clemens ("Defendant" or "Clemens") brings this motion to clarify in response to the Court's February 3, 2011 Memorandum Opinion and Order ("Opinion") granting in part, and denying in part the Defendant's motion to dismiss. Defendant's motion to dismiss was filed in response to the plaintiffs complaint

1

alleging defamation, malicious prosecution, and intentional infliction of emotional distress ("IIED''). For the reasons set forth below, Defendant's motion to clarify pursuant to Federal Rule of Civil Procedure 60(a) is DENIED.

## BACKGROUND

Defendant Roger Clemens is a former Major League Baseball ("MLB") Player who at various times was a member of the Boston Red Sox, Toronto Blue Jays, New York Yankees, and Houston Astros. Plaintiff Brian McNamee worked as an athletic trainer for the Toronto Blue Jays and New York Yankees, as well as personal trainer for Roger Clemens. (Compl. ¶¶ 9-10.) McNamee's relationship with Clemens began in 1998 in Toronto and continued during and after Clemens' time with the New York Yankees. (Id. ¶ 10.) In the spring of 2007, McNamee was approached by federal investigators regarding the delivery of illegal performance-enhancing drugs to athletes. (Id. ¶ 17.) Under penalty of perjury, McNamee informed the investigators that he had injected Roger Clemens with steroids and human growth hormone ("HGH") on multiple occasions. (Id. at ¶ 18.) Following his cooperation with the U.S. Attorney's Office, in order to avoid prosecution, McNamee met with former Senator George Mitchell and assisted his investigation into steroid and HGH use in Major League Baseball. (Id. at ¶ 19.)

On December 13, 2007, Senator Mitchell released his report entitled "Report to the Commissioner of Baseball of an Independent Investigation into the Illegal Use of Steroids and Other Performance Enhancing Substances by Players in Major League

Baseball," commonly referred to as the "Mitchell Report". (Compl. ¶ 20.) The Mitchell Report was published in response to the suspected widespread use of performance enhancing drugs in professional baseball. Roger Clemens was among the 89 players named in the Mitchell Report who were alleged to have used performance enhancing substances. (Id. at ¶ 21.) In addition to his testimony that he personally injected Clemens with HGH and steroids, McNamee provided federal investigators with used syringes, cotton balls, gauze, and broken steroid ampules. (Id. ¶ 23.)

The Mitchell Report was released to the public and included McNamee's statements regarding his interaction with Roger Clemens. (Id. ¶ 21.) McNamee is the only person who publicly stated that he witnessed and assisted Roger Clemens in using steroids and HGH. (Id. ¶ 30.) McNamee alleged that he personally injected Clemens on multiple occasions. (Id.) Following the release of the Mitchell Report, Clemens publicly denied all allegations of drug use. (Id. ¶ 32.) Clemens, personally and through his agents and attorneys, directly and specifically refuted all of McNamee's claims. (Id.) It is Clemens' statements denying McNamee's allegations of steroid use and his accusation that McNamee is lying that form the basis of McNamee's original defamation suit.

## PROCEDURAL HISTORY

McNamee filed the instant action on December 12, 2008 in the Supreme Court of the State of New York, Queens County. Clemens removed the action to this Court

3

on April 22, 2009.  Clemens filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and on February 4, 2011 the motion to dismiss was granted in part and denied in part.  (Dkt. No 35.)  Defendant's motion to dismiss was granted with respect to plaintiff's malicious prosecution and IIED claims.  McNamee's defamation claims regarding Defendant's statements that McNamee has a mental disorder and that McNamee is extorting Clemens were dismissed, while all other statements that were part of Plaintiff's defamation claim survived the motion to dismiss. (Id.)

Defendant's Motion to Clarify

Defendant filed his motion to clarify pursuant to Federal Rule of Civil Procedure 60(a) ("Rule 60(a)").  (Dkt. No. 52.)  Clemens asks the Court to clarify the Opinion, specifically to identify which statements survived the motion to dismiss.  He argues that the Opinion is ambiguous and does not define the scope of actionable defamation claims.  This Court held that general denials of accusations are not actionable and Defendant argues that many of the statements the Plaintiff is claiming are defamatory are general denials.  With further clarification outlining which statements are still at issue, Defense argues it can "tighten discovery efforts, dispositive motion briefing, and, if necessary, trial."  (Dkt. No. 52 at p. 2.)

Plaintiff's Opposition to Defendant's Motion to Clarify

The Plaintiff argues that the Defendant's motion to clarify should be denied because it is procedurally improper and also fails on the merits.  (Dkt. No. 53.) Plaintiff first argues that Federal Rule of Civil Procedure 60(a) is to be used only to

4

correct purely mechanical mistakes. (Dkt. No. 53.) Additionally, Plaintiff claims that the Court clearly outlined which statements survived the Defendant's motion to dismiss in the Opinion, and therefore no clarification is necessary. (Dkt. No 53.)

## DISCUSSION

### I.  Motion to Dismiss Standard

The court may dismiss a complaint "when 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994). However, if "the court concludes that the statements are reasonably susceptible of a defamatory connotation, it then becomes a jury function to determine how the words were likely to be understood." (Dkt. No. 35 at p. 27) (citing Curry v. Roman, 217 A.D.2d 314, 635 N.Y.S.2d 391 (N.Y. App. Div. 1995)).

### II.  Federal Rule of Civil Procedure 60(a)

The defendant brings his motion to clarify under Federal Rule of Civil Procedure 60(a) which states "the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. Pro. 60(a). The mistake need not actually be made by a clerk in order to be correctable by the court. It may be corrected if "it is a type of mistake or omission mechanical in nature which is apparent on the record and

which does not involve a legal decision or judgment by an attorney." In re Merry Queen Transfer Corp., 266 F.Supp. 605, 607 (E.D.N.Y. 1967) ("The Court concludes that interest in this case was a matter of right and the failure to include the same in the judgment was a clerical mistake arising from an omission.")

The Second Circuit has allowed the use of Rule 60(a) for the correction of "inadvertent errors arising from oversight or omission." In re Marc Rich & Co. AG. v. United States, 739 F.2d 834, 836 (2d Cir. 1984). This inadvertent error can be any oversight or omission that leads to ambiguity in the ruling. See 10 Garveis Point Road Corp. v. City of Glen Cove, No. 11-CV-0949, 2012 WL 328885, at *2 (E.D.N.Y. Aug. 10, 2012). A "rule 60(a) motion is appropriate 'where the judgment has failed accurately to reflect the actual decision of the decision maker.'" Robert Lewis Rosen Associates, Ltd. v. Webb, 473 F.3d 498, 504 (2d. Cir 2007) (quoting In re Frigitemp Corp.,781 F.2d 324, 327 (2d. Cir. 1986)). Clarification is necessary when "the judgment simply has not accurately reflected the way in which the rights and obligations of the parties have in fact been adjudicated." In re Frigitemp Corp., 781 F.2d at 327; see In re Marc Rich & Co.AG., 739 F.2d at 836 (Clarification was proper because the order failed to reflect the court's intent that the original judgment 'contemplated a full eighteen months of sanctions').

District courts apply Rule 60(a) at their own discretion. "As the standard for clarification depends on the Court's subjective assessment as to whether or not its own intention was reflected accurately in the record, the Court will only apply Rule 60(a)

6

where it deems necessary." Ferguson v. Lion Holding, Inc., 02 CIV 4258 (PKL), 2007 WL 2265579 (S.D.N.Y. Aug. 6, 2007). The relevant distinction when deciding if clarification is necessary is whether the judgment reflects the intent of the Court at the time the order was issued or whether the mistake or omission creates an ambiguity that must be clarified. See Panama Processes, S.A. v. Cities Serv. Co., 789 F.2d 991, 994 (2d Cir. 1986).

### III. Application

#### a. General Denials of Accusations

General denials of accusations are not actionable as defamation. Only statements of facts, or "mixed opinions" that give the impression that the speaker has information, known only to him, which support his opinion can serve as the basis of a defamation claim. (Dkt. No. 35 at p. 30) (citing Brach v. Congregation Yetev Lev D'Satmar, Inc., 265 A.D.2d 360, 361, 696 N.Y.S.2d 496, 498 (N.Y. App. Div. 1999)). The Court distinguished statements regarding McNamee's alleged lies and accusations from other statements regarding "hyperbolic" and "loose" claims of extortion and mental disorder. (Dkt. No. 35 at p. 32) (citing Milkovich v. Lorain Journal Co., 497 U.S. 1, 2, 110 S. Ct. 2695, 2697 (1990)). Defendant claims that many of the statements forming the basis of the defamation suit are general denials of accusations, and as such are not actionable. Defendant lists the following in his motion to clarify as an example of a general denial that should be dismissed under the Court's holding, "Clemens was reported to have stated that he 'did not take steroids, human growth

7

hormone or any other banned substances at any time in my baseball career or, in fact, my entire life.'"  (Compl. ¶ 20.)  In arguing that this statement is a mere general denial of an accusation, Defendant ignores both the fact that it involves a specific assertion capable of being proven true or false, as well as the context in which the denial was issued.  Defendant's argument that the majority of the statements that form the basis of the defamation suit are general denials and therefore not actionable lacks merit.

      b. *Ambiguity and Intent of the Court's Order*

  A motion to clarify under Federal Rule of Civil Procedure 60(a) should be granted if the mistake or omission creates an ambiguity in the order or if the order does not reflect the intent of the Court.  It is clear that the Court's intent was to allow the statements regarding McNamee's alleged dishonesty to survive the motion to dismiss.  The Court's analysis distinguishes between general denials of accusations and specific denials or statements of fact that can be proven true or false.  (Dkt. No. 35.)  Defendant argues that only statements directly calling McNamee a liar survived the motion to dismiss, but this ignores the Court's holding that "denials coupled with accusations that the accuser will be proven a liar and has lied in front of members of Congress cross the line from general denials to specific accusations reasonably susceptible of a defamatory meaning."  (Dkt. No. 35 at p. 30.)  Furthermore, "Clemens' statements are at least reasonably susceptible of implying McNamee is dishonest and committed perjury." (Id. at 33.)  It is well established that "an attack on a person's integrity by impugning his character as dishonest or immoral may form the

8

basis of a defamation [suit]." (Dkt. No. 35 at p. 31.) (citing Armstrong v. Simon & Schuster, Inc., 85 N.Y.2d 373, 625 N.Y.S.2d 477, 649 N.E.2d 825 (N.Y. 1995)).

The Defendant's statements which form the basis of the Plaintiff's defamation claim must be analyzed in the context in which they were made. Clemens's statements were issued in direct response to the Plaintiff's public allegations in the Mitchell Report that the Plaintiff had personally injected Clemens with performance enhancing drugs. In his motion to clarify, Clemens isolates statements in order to portray them as general denials of accusations, "Clemens' lawyer, Rusty Hardin, allegedly stated, 'Roger knows that these allegations are untrue.'" (Dkt. No. 52 at p. 7) (citing Compl. ¶ 50.) These statements, however, must be viewed in the context in which they were made. In light of McNamee's public cooperation with the Mitchell Report, Clemens's denials "may be reasonably interpreted to mean that Clemens has evidence to prove that McNamee perjured himself and committed defamation." (Dkt. No. 35 at p. 31.) The Court unambiguously ruled that statements by Clemens, even those which do not specifically call McNamee a liar, are provable statements of fact and therefore survive the Defendant's motion to dismiss.

   *c. Rule 60(a) cannot be used to change the substance of a ruling*

Rule 60(a) can be used to clarify a decision to reflect the intent of the judgment of the court, but not to change the substance of the ruling. "To be correctable under Rule 60(a), the [alleged error] in a judgment must fail to reflect the actual intent of the court." Hodge ex rel. Skiff v. Hodge, 269 F.3d 155, 158 (2d Cir. 2001) (quoting

Paddington Partners v. Bouchard, 34 F.3d 1132, 1140 (2d Cir. 1994)).  Rule 60(a) "cannot seek to alter the substantive right of the parties."  Dudley ex rel Estate of Patton v. Penn-America Ins. Co., 313 F.3d 662, 671 (2d Cir. 2002).  The Court intended for the defamation claim based on statements regarding the validity of McNamee's accusations to survive the Defendant's motion to dismiss, and the judgment unambiguously reflects this intent, therefore the Defendant's Rule 60(a) motion is improper.

## CONCLUSION

For the reasons set forth above, the Defendant's motion to clarify pursuant to Rule 60(a) is DENIED.


SO ORDERED.


DATED:  July 31, 2013                             _____s/_____
        Brooklyn, New York                              Sterling Johnson, Jr, U.S.D.J.