UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
BRIAN G. MCNAMEE,

              Plaintiff,              09 CV 1647 (SJ) (CLP)

       v.

                                    MEMORANDUM AND
                                    ORDER
ROGER CLEMENS,

              Defendant.

-------------------------------------------------X

A P P E A R A N C E S

EMERY CELLI BRINCKERHOFF & ABADY LLP
75 Rockefeller Plaza
20th Floor
New York, NY 10019
By:    Richard D. Emery
        Earl Ward
        Debra L. Greenberger
*Attorneys for Plaintiff*

RUSTY HARDIN & ASSOCIATES, LLP
1401 McKinney Street
Suite 2250
Houston, Texas 77010
By:    Rusty Hardin
        Joe Roden
        Jeremy T. Monthy
*Attorneys for Defendant*

JOHNSON, Senior District Judge:

1

Pursuant to Federal Rule of Civil Procedure 72(a) ("Rule 72(a)"), Defendant Roger Clemens ("Defendant" or "Clemens") moves to modify or set aside two orders issued by United States Magistrate Judge Cheryl L. Pollak ("Judge Pollak" or the "Magistrate"). The orders in question are a September 18, 2013 order relating to Plaintiff Brian McNamee's ("McNamee" or "Plaintiff") Motion to Compel, (the "September 18 Order") and a January 30, 2014 order relating to Defendant's Motion for Reconsideration (the "January 30 Order") (collectively, the "Discovery Orders"). The September 18 Order granted in part and denied in part McNamee's Motion to Compel. The January 30 Order denied Clemens's Motion for Reconsideration of the September 18 Order.

The Court has reviewed the Discovery Orders as well as the parties' submissions and finds that: (1) Defendant's Rule 72(a) Motion is untimely, and (2) the Discovery Orders are neither clearly erroneous nor contrary to law. For the following reasons, Defendant's Motion is DENIED.

## BACKGROUND

Although familiarity with the facts and circumstances underlying Judge Pollak's Discovery Orders is assumed, a brief description of the case is in order. Defendant Clemens is a former Major League Baseball player. Plaintiff McNamee worked as a personal trainer for Clemens. On December 13, 2007, former United States Senator George Mitchell released the "Mitchell Report," which included

2

P-049

statements made by McNamee that he had injected Clemens with performance enhancing drugs. It is Clemens's statements denying McNamee's allegations of steroid use and his accusation that McNamee is lying that form the basis of McNamee's defamation suit.

Thereafter, litigation commenced. On November 6, 2012, McNamee requested that Clemens produce communications with Clemens's sports agent Randal Hendricks ("Hendricks") ("Document Request 55"). McNamee also sought production of all communications with Clemens's public relations strategist Joe Householder ("Householder"), as well as Householder's firm, Public Strategies, Inc. ("Document Request 57"). On January 31, 2013, Clemens objected to the requests, claiming that the documents were privileged. In a July 9, 2013 letter from McNamee to Judge Pollak, McNamee notified Judge Pollak that Clemens had failed to produce a log of all documents withheld pursuant to a claim of privilege, as required by Local Civil Rule 26.2. (Pl's Letter dated July 9, 2013 (Dkt. No. 79) at 1.) On August 2, 2013, McNamee filed a Motion to Compel Clemens to produce documents responsive to Document Request 55 and Document Request 57. On August 13, 2013, Judge Pollak issued an order requiring Clemens to produce the contested documents for in camera review. On August 18, 2013, Clemens submitted a privilege log together with documents "arguably" responsive to Document Request 55 and Document Request 57. (Order of Jan. 30, 2014 (Dkt. No. 103) at 5.)

3

P-049

Thereafter, Judge Pollak reviewed over 900 pages of e-mail communications allegedly responsive to the requested documents that Defendant claimed were privileged.[1] On September 18, 2013, Judge Pollak issued an Order finding, among other things, that: (1) Defendant had waived his claims of attorney-client privilege and work-product protection, and (2) the privilege log belatedly produced to the Court was inadequate because the information on the log was insufficient to enable the Court to determine whether the documents were in fact privileged. Judge Pollak also found that, after reviewing the documents, Defendant failed to meet his burden of establishing that the documents were appropriately withheld under either attorney-client privilege or work-product protection. Defendant filed a Motion for Reconsideration on October 11, 2013. On January 30, 2014, Judge Pollak denied the Motion for Reconsideration in its entirety, ordering that Clemens produce all previously ordered documents and submit any remaining documents he claimed to be privileged for a second in camera review, to take place at a date set by Judge Pollak.

On February 7, 2014, Defendants filed a Motion to Modify or Set Aside and Stay Orders pursuant to Federal Rule of Civil Procedure 72(a). (Dkt. No.

---

[1] The log produced by Defendant to Judge Pollak on August 13, 2013 was inadequate in that it provided "exceedingly unhelpful descriptions." (Order of Sept. 18, 2013 (Dkt. No. 93) at 7.) As a result, Judge Pollak was forced to engage in a document-by-document review of the allegedly privileged documents. Such a review should have been handled by Defendant, and had it been handled as ordered, it would have been apparent to a competent officer of this court, that a good faith assertion of privilege could not be maintained as to the majority of documents. As a result, Judge Pollak would have been amply justified in imposing the harshest of sanctions against Defendant for relegating her to performing counsel's job of meaningfully reviewing before claiming privilege.

4

104.) Thereafter, on February 14, 2014, Plaintiff filed an opposition to the Motion. (Dkt. No. 105.)

## DISCUSSION

### A. Standard of Review

A magistrate judge is empowered by the Federal Magistrate's Act and Federal Rules of Civil Procedure 72 to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A); Fed. R.Civ. P. 72(a); see also Thomas E. Hoar Inc. v. Sara Lee Corp., 990 F.2d 522, 525 (2d Cir. 1990), cert. denied, 498 U.S. 846 (1990) (finding that pretrial discovery matters "generally are considered 'nondispositive' of the litigation," and thus subject to this deferential standard of review); Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010).

Under the "clearly erroneous" standard of review, a district court may reverse a magistrate's finding only if it is "left with the definite and firm conviction that a mistake has been committed." Mobil Shipping and Transp. Co. v. Wonsild Liquid Carriers, Ltd., 190 F.3d 64, 67–68 (2d Cir. 1999) (quoting Anderson v. Bessemer City, 470 U.S. 564, 574 (1985)) (internal quotations omitted); see also United States v. U.S. Gypsum Co., 333 U.S. 364 (1948); United States v. Isiofia, 370 F.3d 226, 232 (2d Cir. 2004). Similarly, under the "contrary to law" standard of review, a district court may reverse a finding only if it finds

5

that the magistrate "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." Catskill Dev., LLC v. Park Place Entm't, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (internal quotations omitted). Pursuant to this highly deferential standard of review, magistrate judges are thus afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused. See Thomas E. Hoar, Inc., 900 F.2d at 524; United States v. District Council, 782 F. Supp. 920, 922 (S.D.N.Y. 1992). "A court abuses its discretion when its decision rests on an error of law or on a clearly erroneous factual finding, or when its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." Arista Records, 604 F.3d at 117 (internal citation omitted). Thus "a party seeking to overturn a discovery order bears a heavy burden." AP Links, LLC v. Global Golf, Inc., No. 08-CV-1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar. 14, 2011) (internal citations omitted).

### B. Defendant's Rule 72(a) Motion is Untimely

Defendant has "expended its opportunity to timely appeal" Judge Pollak's Discovery Orders. NG v. HSBC Mortgage Corp., 262 F.R.D. 135 (E.D.N.Y. 2009). Clemens filed a Motion for Reconsideration with Judge Pollak on September 30, 2013, rather than immediately filing this Rule 72(a) Motion.[2] The

---

[2] Rule 72(a) clearly states:

6

P-049

proper procedural route would have been to timely contest the initial September 30 Order—a non-dispositive order—to this Court through Rule 72(a).[3] See, e.g., NG, 262 F.R.D. at 135; Koehler v. Bank of Bermuda Ltd., No. M-18-302, 2003 WL 466206, at *1 (S.D.N.Y. Feb. 21, 2003). Because Clemens opted instead to file a Motion for Reconsideration with Judge Pollak, which itself was procedurally improper, this Motion is untimely.[4]

C. Waiver of Privilege

In any event, the Court finds that Defendant has also waived his right to assert privilege. Local Civil Rule 26.2(b) "commands, inter alia, that when documents sought . . . are withheld on the ground of privilege, the index required by Rule 26(a)(2)(A) 'shall be furnished in writing at the time of the response to

---

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy.

Fed. R. Civ. P. 72.

[3] The procedure governing practice before Magistrate Judges is pursuant to 28 U.S.C. § 636(b)(1)(A). That subsection provides in relevant part: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a) (emphasis added); see also Koehler v. Bank of Bermuda Ltd., M18-302, 2003 WL 466206 (S.D.N.Y. Feb. 21, 2003).

[4] "Unlike motions for reconsideration of district judges' orders, provided for by Local Civil Rule 6.3, there is no provision in the governing statute or the rules of procedure for motions for reconsideration to be made to magistrate judges. On the contrary: the plain wording of statute and rule requires that objections to a magistrate judge's nondispositive order be timely made to the district judge assigned to the case. These provisions clearly reflect the policy that litigation not be unduly delayed in the magistrate judges' courts." Koehler, 2003 WL 466206, at *1. As a result, Clemens should take note that he has failed to comply with this Court's procedures, which has resulted in undue delay of this case, as he has sought a third (and undue) bite of the apple.

7

such discovery or disclosure, unless otherwise ordered by the court.'" FG Hemisphere Assocs., L.L.C. v. Republique Du Congo, No. 01 CV 8700, 2005 WL 545218, at *5 (S.D.N.Y. Mar. 8, 2005). Withholding privileged materials without including the material on a privilege log pursuant to Rule 26(b)(5) "may be viewed as a waiver of the privilege or protection." Fed. R. Civ. P. 26 Advisory Committee Notes; Nnebe v. Daus, 06 Civ. 4991, 2007 WL 1310140, *1 (S.D.N.Y. May 3, 2007); Chase Manhattan Bank, N.A. v. Turner & Newall, PLC, 964 F.2d 159, 166 (2d Cir. 1992) (noting that failure to comply with the privilege log requirement of former Local Rule 46(e)(1) may result in a finding that the privilege has been waived). "[A]lthough the result of waiver is harsh, the federal . . . rules' importance should not be diminished by skirting their application when the results prove harsh to a party." In re Honeywell Int'l, Inc. Sec. Litig., 230 F.R.D. 293, 299 (S.D.N.Y. 2003).

Here, the factors militate in favor of finding that Clemens waived privilege. As explained in both September 18 Order and January 30 Order, Judge Pollak rendered her decision based on the "failure to timely submit an adequate privilege log." (Order of Sept. 18, 2013 (Dkt. No. 93) at 8; see also Order of Jan. 30, 2014 (Dkt. No. 103) at 6.) The privilege log that was later submitted was thereafter found by Judge Pollak to be deficient. (Order of Sept. 18, 2013 (Dkt. No. 93) at 7.) The Court will address each of these grounds in turn.

P-049

### a. Defendant's Failure to Initially Produce a Privilege Log

With respect to waiver, Defendant argues that he did not waive his privilege rights because he submitted a log with a "categorical, rather than a document-by-document log." (Def. Mem. of Law Mot. to Modify or Set Aside and Stay Orders, Feb. 7, 2013, at 20–21.) This "categorical" log is in the form of one-sentence assertions of privilege which was filed in response to Plaintiff's document production request. (See Pl.'s Mem. to Compel Discovery dated Aug. 2, 2013 (Dkt. No. 87) at Exhibit M, 26–27). Clemens claims the production of a categorical log has been found appropriate when a large number of e-mails are the subject of a discovery dispute. Defendant writes that Judge Pollak's finding of waiver is "clearly contrary to the record, contrary to law, and manifestly unfair." (Def.'s Mem. to Modify or Set Aside and Stay Orders, Feb. 7, 2013, at 20.)

The Court finds these arguments unavailing.[5] The requirement of a privilege log was brought to Defendant's attention on July 9, 2013. Defendant Clemens failed to provide a privilege log with his discovery responses, relying instead on a one-sentence assertion of privilege. (See Pl.'s Mem. to Compel Discovery dated Aug. 2, 2013 (Dkt. No. 87) at Exhibit M, 26–27). Judge Pollak

---

[5] Cases cited by Defendant in support of this form of log are, in fact, contrary to his argument. For example, SEC v. Thrasher, No. 92 Civ. 6987, 1996 WL 125661, at *1–2 (S.D.N.Y. Mar. 20, 1996) held that "a privilege log must identify each document and provide basic information, including the author, recipient, date and general nature of the document." Defendant failed to provide any such detail. The court in Thrasher explained that "the courts retain some discretion to permit less detailed disclosure in appropriate cases." Id. Judge Pollak used her discretion to determine that the general, one-sentence assertion of privilege was insufficient. Defendant has failed to show that her use of discretion was clearly erroneous or contrary to law.

P-049

was entirely within her authority in ordering production of the documents in question on the grounds that Defendant waived his privilege by failing to timely submit a privilege log. (Order dated Sept. 18, 2013 (Dkt. No. 93) at 6.)

### b. Inadequacy of the Delinquent Log

After Judge Pollak issued an August 13, 2013 Order demanding an in camera review of documents that Clemens claimed were privileged, Defendant then submitted a privilege log with the documents to be reviewed. The log was wholly inadequate, and failed to satisfy the requirements of the Local Rules and relevant law.

It is Defendant's burden to establish, with "competent" evidence, the factual basis for their claims of privilege. See von Bulow v. von Bulow, 811 F.2d 136, 144, 147 (2d Cir. 1987); Bowne of New York City v. AmBase Corp., 150 F.R.D. 465, 470 (S.D.N.Y. 1993). Conclusory assertions will not suffice to establish these facts. See von Bulow, 811 F.2d at 146. A privilege log is adequate when:

> [A]s to each document, it sets forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed. The focus is on the specific descriptive portion of the log, and not on the conclusory invocations of the privilege or work-product rule, since the burden of the party withholding the documents cannot be discharged by mere conclusory or ipse dixit assertions.

P-049

Golden Trade, S.r.L. v. Lee Apparel Co., 90 Civ. 6291, 1992 WL 367070, at *5 (S.D.N.Y. Nov. 20, 1992) (internal quotation marks omitted).

Judge Pollak found that that the subject lines of the log contained "unhelpful" and "vague" descriptions, which failed to provide sufficient information, and caused the Court's examination to be "seriously impeded." (Order of Sept. 18, 2013 (Dkt. No. 93) at 6.) As Judge Pollak aptly noted, "[s]imply claiming a privilege or protection as to any document that a party does not wish to disclose, regardless of whether the records are properly designated as such, will not be tolerated." (Order of Jan. 30, 2014 (Dkt. No. 103) at 38.) As a result of this deficiency, Judge Pollak was forced to engage in the "arduous task of evaluating each and every email and document submitted."[6] (Order of Jan. 30, 2014 (Dkt. No. 103) at 19.) Only after carefully reviewing each document claimed by Defendant to be privileged was Judge Pollak then able to determine that the documents were improperly withheld.[7] (Order of Jan. 30, 2014 (Dkt. No. 103) at 19.)

---

[6] Judge Pollak took the extraordinary step of reviewing each and every document that Defendant claimed was privileged. She thereafter wrote a well-reasoned 19-page opinion, in which she invited Defendant, with respect to a specific number of documents that "might potentially be considered privileged," to provide "a further showing that the documents were prepared as part of litigation strategy and not media strategy." (Order of Sept. 18, 2013 (Dkt. No. 93) at 8 n.10.) However, Defendant was only able to do so with respect to one document (Hendricks in Camera Bates Nos. 00250–00253).

[7] Judge Pollak indicated in her January 30 Order that Defendant also submitted with his Motion for Reconsideration a log for thousands of other potentially responsive documents that were not provided to the court for the initial in camera review, despite Judge Pollak's Order directing Defendant to produce all responsive documents. (Order of Jan. 30, 2014 (Dkt. No. 103) at 7.) Judge Pollak chose not to impose sanctions under Federal Rule of Civil Procedure Rule 37, though she would be well within her authority to do so.

11

After reviewing the privilege log and documents submitted by Defendants on August 19, 2013, the Court agrees with Judge Pollak's determination, and finds that the log was deficient. Judge Pollak did not "fail[] to apply . . . relevant statutes, case law or rules of procedure." Catskill Dev., LLC v. Park Place Entm't, 206 F.R.D. 78, 86 (S.D.N.Y. 2002). Many of the entries include subject descriptions that have very little, if anything, to do with the material within the document itself. For example, Hendricks in Camera Bates Nos. 00163–00165 is described simply as "Re: Hi Joe," while Householder in Camera Bates Nos. 00561 is described as "Discussion." Defendants claim all documents are work-product and attorney-client protected. Such one word descriptions are not adequate in describing "each element of the privilege or immunity that is claimed." Bowne, 150 F.R.D. at 474. The details provided by Defendant "do not establish the elements of a claim of attorney-client privilege . . . or the work-product doctrine." Safeco Ins. Co. of Am. v. M.E.S., Inc., 289 F.R.D. 41, 48 (E.D.N.Y. 2011). In fact, such e-mails do not provide any indication of the substance of the e-mails, let alone the elements of privilege. Accordingly, Defendant has failed to meet its "heavy burden" of proving that the privilege or protection applies to the documents or communications at issue. Fifty–Six Hope Road Music Ltd. v. UMG Recordings, Inc., No. 08 Civ. 06143, 2010 WL 343490, at *3 (S.D.N.Y. Feb. 1, 2010).

P-049

Accordingly, it was not clearly erroneous or contrary to law for Judge Pollak to order the production of the remaining documents on the grounds that any privileges were waived.

**D. Remaining Claims**

The Court has considered the remaining arguments and finds that they are without merit.

## CONCLUSION

Having reviewed the parties' submissions and Judge Pollak's September 19, 2013 and January 30, 2014 Discovery Orders, and for the reasons stated above, it is hereby ORDERED that Defendant's Motion is DENIED. Clemens is ordered to produce all previously ordered documents and comply with all other requirements as enumerated in Judge Pollak's January 30 Order.
SO ORDERED.

DATED: April 2, 2014
Brooklyn, New York

Sterling Johnson, Jr., U.S.D.J.

13

P-049