UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
BRIAN G. MCNAMEE,

                Plaintiff,            09 CV 1647 (SJ) (CLP)

    v.

                                    MEMORANDUM AND
                                    ORDER

ROGER CLEMENS,

                Defendant.

-------------------------------------------------X

APPEARANCES

EMERY CELLI BRINCKERHOFF & ABADY LLP
75 Rockefeller Plaza
20th Floor
New York, NY 10019
By:   Richard D. Emery
       Earl Ward
       Debra L. Greenberger
Attorneys for Plaintiff

RUSTY HARDIN & ASSOCIATES, LLP
1401 McKinney Street
Suite 2250
Houston, Texas 77010
By:   Rusty Hardin
       Joe Roden
       Jeremy T. Monthy
Attorneys for Defendant


JOHNSON, Senior District Judge:

On April 21, 2014, Defendant Roger Clemens ("Defendant" or "Clemens") filed a renewed motion ("Motion") for a stay of this Court's April 2, 2014 Order pending a decision from the Second Circuit Court of Appeals on a Petition for Writ of Mandamus. Plaintiff Brian G. McNamee ("Plaintiff" or "McNamee") renewed his opposition to the motion on April 22, 2014.

The Court has reviewed the parties' submissions and, for the following reasons, Defendant's Motion is DENIED.

## I.     BACKGROUND

We assume the parties' familiarity with the underlying facts and procedural history of the case. Therefore, the Court will only address the facts as they relate to the instant Motion. On February 7, 2014, Clemens filed a Rule 72(a) Motion to Modify or Set Aside and Stay two discovery orders issued by Magistrate Judge Cheryl L. Pollak directing him to provide certain discovery to McNamee. The Court denied Defendant's Rule 72(a) Motion on April 2, 2014. On April 8, 2014, the Defendant filed a premature Motion to Stay the Court's April 2 Order pending a decision from the Second Circuit on a forthcoming Petition for Writ of Mandamus ("Petition"). McNamee opposed the motion on April 9, 2014. On April 18, 2014, this Court denied the motion with leave to renew upon proof of filing the Petition with the Second Circuit. Clemens submitted proof of filing on April 21, 2014. Thereafter, Defendant renewed his motion and Plaintiff renewed his opposition.

2

## II. **DISCUSSION**

A. Standard of Review

The Court analyzes motions for a stay pending appeal pursuant to Rule 62 of the Federal Rules of Civil Procedure ("Rule 62"). See Fed. R. Civ. P. 62. Pursuant to Rule 62, issuance of a stay is discretionary with the court, requiring the balancing of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

B. Defendant's Petition Cannot Succeed on the Merits

More specifically, "the writ [of mandamus] is appropriate to review discovery orders that potentially invade a privilege where: (A) the petition raises an important issue of first impression; (B) the privilege will be lost if review must await final judgment; and (C) immediate resolution will avoid the development of discovery practices or doctrine that undermine the privilege. In re County of Erie, 473 F.3d 413, 416–17 (2d Cir. 2007) (quoting Chase Manhattan Bank, N.A. v.

3

P-049

Turner & Newall PLC, 964 F.2d 159, 163 (2d Cir. 1992) and In re Long Island Lighting Co., 129 F.3d 268, 270 (2d Cir. 1997)).

Clemens claims that three issues of "importance and of first impression" are implicated by the Court's April 2 Order. However, Clemens does not claim that any particular argument is either "important" or "of first impression," much less both. He cannot succeed on the merits of a mandamus action without such a showing.[1] See, e.g., Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 112 (2009) ("[M]andamus . . . facilitate[s] immediate review of some of the more consequential attorney-client privilege rulings.") (emphasis added).

He also makes a single mention of the third element, and does so in a casual fashion, claiming that without the writ, "discovery practices or doctrine undermining the privilege" in that parties would "issu[e] voluminous requests for core work product in hopes that counsel will run out of time before the 30-day deadline for discovery responses to prepare a log covering each and every email." (Mot. to Stay at 3.) This speculative concern assumes that extensions of time cannot be obtained by a party burdened with producing voluminous discovery or lengthy privilege logs. There is no reason to think that to be true. Therefore, he has not established the third element.

---

[1] Cases found by the Second Circuit to address novel and significant questions of law are inapposite to the instant matter: In re The City of New York, 607 F.3d 923 (2d Cir. 2010) (analyzing the scope of the law enforcement privilege, which had last been addressed 20 years prior); Chase Manhattan Bank, N.A. v. Turner & Newall, PLC, 964 F.2d 159 (2d Cir. 1992) (granting the writ after finding that the Magistrate Judge had not yet ruled on claims of privilege); In re von Bulow, 828 F.2d 94 (2d Cir. 1987) (analyzing whether publication of an attorney-authored book that disclosed portions of privileged discussions between the attorney and his client constituted a waiver of the privilege).

P-049

So little mandamus-specific analysis is present in Clemens's Motion to Stay that the Court recognized an entire argument as being a veritable hodgepodge of identical sentences in Clemens's motion for reconsideration and his Rule 72 motion. (Compare Mot. to Stay at 8 with Mot. for Recon. at 6, 8 and Rule 72 Mot. at 20–21.) The thrust of all three motions is that he did not waive privilege by failing to produce a privilege log. He again claims that what he refers to as his "categorical" log (i.e., his blanket objections in response to Plaintiff's Second Request for Production of Documents) is sufficient to invoke privilege: "The [C]ourt of [A]ppeals will likely vacate this aspect of the Order because parties 'certainly' should be permitted to identify documents withheld on privilege grounds in summary fashion 'by category or otherwise.'" (Mot. to Stay at 9 (quoting Securities and Exchange Comm'n v. Thrasher, No. 92 CV 6987 (JFK), 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996).) However, a more complete reading of this section of Thrasher reveals no such automatic right to truncate the contents of a privilege log.

> [I]n appropriate circumstances, the court may permit the holder of withheld documents to provide summaries of the documents by category or otherwise limit the extent of the disclosure. This would certainly by the case if (a) a document-by-document listing would be unduly burdensome and (b) the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the privilege claim is well grounded.

P-049

Id. Clemens has not made this showing. Indeed, it would be curious if he did argue that a document-by-document listing was too onerous for counsel to perform, seeing as he has now several times over caused the Court to conduct such a review.

Clemens also argues that the Court "misapplied" Judge Pollak's orders, because "Judge Pollak herself did not grant Plaintiff's motion to compel" on the basis of the inadequacy of the log ultimately provided. However, Judge Pollak did just that. In her order of September 18, 2013, she ended the section "Privilege Waiver" by finding that "Clemens has waived his claims of privilege and work product protection by virtue of his failure to timely submit an adequate privilege log," thus touching not only on the timeliness but the sufficiency of the log provided, both of which she examined at length in that subsection. Again, no direct application is made here by Clemens of the elements required to obtain the writ.

The same can be said of Clemens's argument that the work-product privilege prevents disclosure of the disputed documents. He claims the Court gave this argument "short shrift" but does not bother to apply the mandamus elements to it himself.

He cites no cases in which the writ was issued under similar circumstances.[2] He simply reargues the merits of the discovery dispute, which is an insufficient showing for the issuance of a writ of mandamus.

---

[2] This is likely because "[a] writ of mandamus is a drastic and extraordinary remedy reserved for really extraordinary causes." S.E.C. v. Rajaratnam, 622 F.3d 159, 169 (2d Cir. 2010); see also In re United States, 680 F.2d 9, 12 (2d Cir. 1982). In re Attorney General of the United States, 596 F.2d

6

Finally, Clemens's attempts at stalling this litigation are a threat to the administration of justice. Clemens has continued to misconstrue the Magistrate and this Court's orders and has chosen to file frivolous motions and appeals to perpetuate the delay of this five-year-old litigation. Discovery has yet to be completed, and the pending motion and petition relate to only 900 documents, while thousands of additional documents Defendant has claimed are privileged have yet to be ruled upon. Defendant has engaged in the exact activities that the Second Circuit cautioned against when discussing the policies behind the final judgment rule, which include:

> [T]he elimination of unnecessary appeals, since the complaining party may win the case or settle it; the absence of irreparable harm from the vast majority of orders requiring production of documents; the potential for harassment of litigants by nuisance appeals, and the fact that any appeal tends to delay or deter trial or settlement of a lawsuit; the burden on the reviewing court's docket from appeals of housekeeping matters in the district courts; and the slim chance for reversal of all but the most unusual discovery orders. A long line of precedent in this court has echoed these observations.

In re Weisman, 835 F.2d 23, 25 (2d Cir. 1987) (internal quotations and citations omitted).

---

58, 61 (2d Cir.), cert. denied, 444 U.S. 903 (1979); UAW v. National Caucus of Labor Committees, 525 F.2d 323, 324–25 (2d Cir. 1975); Baker v. United States Steel Corporation, 492 F.2d 1074, 1077 (2d Cir. 1974).

P-049

C. <u>Defendant Will Not Suffer Irreparable Harm</u>

Defendant argues that he will face irreparable harm "because acquiescence destroys the privilege Clemens seeks to protect while leaving only the remedy of an appeal after judgment." (Def.'s Mem. of Law at 14.) This, Defendant argues, would "forever destroy the privilege through waiver." (Def.'s Mem. of Law at 14.)

The Court's April 2 Order found that Clemens's appeal of Judge Pollak's finding that the documents were not properly withheld as privileged was without merit. "[S]imply showing some 'possibility of irreparable injury,' fails to satisfy the second factor." <u>Nken v. Holder</u>, 556 U.S. 418, 434–35 (2009) (citations omitted). Therefore, we find no resulting harm from ordering Clemens to disclose the non-privileged discovery.

D. <u>Remaining Elements</u>

Because the Court finds that Clemens has failed to make a strong showing that he is likely to succeed on the merits and that he has failed to demonstrate irreparably injury absent a stay, the Court will not reach the remaining factors.

P-049

Nken, 556 U.S. at 434 ("The first two factors of the traditional standard are the most critical.").[3]

### III. CONCLUSION

Having analyzed Defendant's arguments, this Court finds that Defendant has not met his high burden of demonstrating a need for a stay pending appeal of this Court's April 2, 2014 Order. Defendant's Motion is DENIED.

SO ORDERED.

DATED: April 28, 2014
       Brooklyn, New York

                                       Sterling Johnson, Jr, U.S.D.J.

---

[3] It is, however, worth mentioning that Clemens likely fails in these categories as well. The third factor, whether a stay will substantially injure the non-moving party, and the fourth factor, public interest, are intertwined in this case: discovery has been hopelessly stalled by Clemens, forcing counsel for McNamee to engage in repetitive, and likely costly, motion practice. The public, too, suffers when litigation proceeds in this fashion. See, e.g., Martin v. Dist. of Columbia Court of Appeals, 506 U.S. 1, 3 (1992) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); Viola v. United States, 481 F.3d 30, 31 (2d Cir. 2012) (affirming imposition of leave-to-file sanctions after petitioner failed to demonstrate that his filings were not frivolous).