F[ILED]
IN CLERK'S
US DISTRICT

★ NOV 19

BROOKLYN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
BRIAN G. MCNAMEE,

               Plaintiff,             09 CV 1647 (SJ) (CLP)

     v.

<u>MEMORANDUM AND ORDER</u>

ROGER CLEMENS,

               Defendant.

----------------------------------------------X

A P P E A R A N C E S

EMERY CELLI BRINCKERHOFF & ABADY LLP
75 Rockefeller Plaza
20th Floor
New York, NY 10019
By:    Richard D. Emery
        Earl Ward
        Debra L. Greenberger
Attorneys for Plaintiff

RUSTY HARDIN & ASSOCIATES, LLP
1401 McKinney Street
Suite 2250
Houston, Texas 77010
By:    Rusty Hardin
        Joe Roden
        Jeremy T. Monthy
Attorneys for Defendant

P-049

JOHNSON, Senior District Judge:

The facts and circumstances surrounding this seemingly never-ending discovery dispute are outlined in the Court's April 2, 2014 Order. Familiarity therewith is assumed. Briefly, this pending discovery dispute stems from Plaintiff Brian McNamee's ("Plaintiff" or "McNamee") demand for, and Defendant Roger Clemens's ("Defendant" or "Clemens") refusal to produce: (1) certain documents related to communications with Clemens's sports agent Randal Hendricks ("Hendricks") ("Document Request 55"), and (2) communications with Clemens's public relations strategist Joe Householder ("Householder"), as well as Householder's firm, Public Strategies, Inc. ("Document Request 57"). On January 31, 2013, Clemens objected to the requests, claiming that the documents were privileged. On August 2, 2013, McNamee filed a Motion to Compel Clemens to produce documents responsive to these requests. On August 13, 2013, Magistrate Judge Cheryl L. Pollak issued an order requiring Clemens to produce the contested documents for in camera review.

Thereafter, Judge Pollak has reviewed thousands of pages of documents that Defendant claims were privileged. On September 18, 2013, Judge Pollak issued an Order finding, among other things, that: (1) Defendant had waived his claims of attorney-client privilege and work-product protection, and (2) the privilege log belatedly produced to the Court was inadequate because the information on the log

2

was insufficient to enable the Court to determine whether the documents were in fact privileged. Judge Pollak also found that, after reviewing the documents, Defendant failed to meet his burden of establishing that the documents were appropriately withheld under either attorney-client privilege or work-product protection. Defendant filed a Motion for Reconsideration on October 11, 2013. On January 30, 2014, Judge Pollak denied the Motion for Reconsideration in its entirety, ordering Clemens to produce all previously ordered documents and submit any remaining documents he claimed to be privileged for a second in camera review. (Order of Jan. 30, 2014 (Dkt. No. 103) at 10.)

On February 7, 2014, Defendants filed a Motion to Modify or Set Aside and Stay Orders pursuant to Federal Rule of Civil Procedure 72(a). (Dkt. No. 104.) On April 2, 2014, this Court denied the Defendant's Motion, finding that it was not clearly erroneous or contrary to law for Judge Pollak to order the production of the remaining documents on the grounds that any privileges were waived. (Order of Apr. 2, 2014 (Dkt. No. 110) at 12–13.) On April 4, 2014, the Clemens immediately filed a Motion to Stay, which this Court denied on April 28, 2014 (Dkt. No. 118.) Clemens then filed a Writ of Mandamus to the United States Court of Appeals for the Second Circuit, which was denied on June 18, 2014. (Dkt. No. 119.) The Defendant thereafter continued with discovery, and continued to assert that a select number of documents related to Document Request 55 and Document Request 57

P-049

were privileged. Clemens also submitted a Second Amended Privilege Log, asserting privilege for hundreds of new documents.

Judge Pollak recused herself from review of a select number of the documents from this second in camera review as a result of her personal connection to the law firm of Davis Polk & Wardwell LLP (the "Davis Polk Documents"). The parties did not oppose this Court's review of the documents in her stead. (See Minute Entry of Telephone Proceeding of July 17, 2014 (Dkt. No. 153).) As such, the Court has engaged in its own in camera review of the Davis Polk Documents, and finds that only a handful of documents were properly withheld as privileged.

## I. DISCUSSION

### A. Legal Standards

#### 1. Attorney-Client Privilege

"The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal assistance." Brennan Ctr. for Justice at New York Univ. Sch. of Law v. U.S. Dep' t of Justice, 697 F.3d 184, 207 (2d Cir. 2012) (citing United States v. Mejia, 655 F.3d 126, 132 (2d Cir. 2011)). The attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." Upjohn Co. v.

4

United States, 449 U.S. 383, 390 (1981). The privilege may be expanded to those assisting a lawyer in representing a client, such as public relations consultants and agents. Haugh v. Schroder Inv. Mgmt. N. Am. Inc., No. 02 CV 7955, 2003 WL 21998674, at *3 (S.D.N.Y. Aug. 25, 2003); In re Grand Jury Subpoenas Dated March 24, 2003 Directed to (A) Grand Jury Witness Firm & (B) Grand Jury Witness, 265 F. Supp. 2d 321, 325 (S.D.N.Y. 2003) (finding that the attorney-client privilege may extend, in appropriate circumstances, to otherwise privileged communications that involve persons assisting the lawyer in the rendition of legal services). However, it is not sufficient that communications with a PR Firm "prove important to an attorney's legal advice to a client." Calvin Klein Trademark Trust v. Wachner, 198 F.R.D. 53, 54 (S.D.N.Y. 2000). Instead, the "critical inquiry" is whether the communication with the person assisting the lawyer was made in confidence and for the purpose of obtaining legal advice. Allied Irish Banks, P.L.C. v. Bank of Am., N.A., 252 F.R.D. 163, 168 (S.D.N.Y. 2008) (citations omitted). "The communication itself must be primarily or predominantly of a legal character." Allied Irish Banks v. Bank of Am., N.A., 240 F.R.D. at 103. Expansions should be "cautiously extended." Haugh v. Schroder Inv. Mgmt. N. Am. Inc., 2003 WL 21998674, at *3 (citing United States v. Weissman, 195 F.3d 96, 100 (2d Cir. 1999)).

P-049

2. Work Product Privilege

"Federal law governs the applicability of the work product doctrine in all actions in federal court." Schaeffler v. United States, No. 13 CIV. 4864, 2014 WL 2208057, at *13 (S.D.N.Y. May 28, 2014). The work product doctrine is codified in part in Federal Rule of Civil Procedure Rule 26(b)(3), which provides that a party is not entitled to obtain discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" unless the party shows substantial need and an inability to obtain the substantial equivalent to the documents without undue hardship. The purpose of the work product rule is "to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting Hickman v. Taylor, 329 U.S. 495, 510–11, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). The work product doctrine protects materials prepared not only by attorneys but also by their agents. Costabile v. Westchester, N.Y., 254 F.R.D. 160, 164 (S.D.N.Y. 2008) (citations omitted).

The party asserting work product protection "bears the burden of establishing its applicability to the case at hand." In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002, 318 F.3d 379, 384 (2d Cir.2003) (citations omitted). That party must show "that material it seeks to protect (1) was prepared in anticipation of litigation and (2) was prepared by or for a party, or by his

6

P-049

representative." Koch v. Greenberg, 2012 WL 1449186, at *5 (S.D.N.Y. Apr. 13, 2012) (citing In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002, 318 F.3d at 383–84). Because the work product protection arises only for materials "prepared in anticipation of litigation," the doctrine is not satisfied merely by a showing that the material was prepared by an attorney.

The party invoking the work product privilege must also demonstrate that the document was prepared "principally or exclusively to assist in anticipated or ongoing litigation." Martin v. Valley Nat'l. Bank of Arizona, 140 F.R.D. 291, 304 (S.D.N.Y. 1991); U.S. v. Construction Products Research Inc., 73 F.3d 464, 473 (2d Cir. 1996) (party claiming privilege "generally must show that the documents were prepared principally or exclusively to assist" in litigation). The document must have been "prepared because of the prospect of litigation." Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 160 F.R.D. 437, 448 (S.D.N.Y. 1995) (emphasis added ). If the "primary motivating purpose" in creating the materials "is other than to assist in pending or impending litigation, then the document does not receive work product protection." In re Pfizer Inc. Securities Litigation, 1993 WL 561125 at *3 (S.D.N.Y. 1993).

P-049

B. Analysis

This Court previously held that the Defendant had waived his right to assert privilege with respect to any documents responsive to Document Request 55 and Document Request 57. (See Order of Sept. 18, 2013 (Dkt. No. 93) at 8; Order of Jan. 30, 2014 (Dkt. No. 103) at 10; Order of Apr. 2, 2014 (Dkt. No. 110) at 12–13.) As a result, the Court finds that the previous waiver is applicable to the Davis Polk Documents as well.

The Court nevertheless engaged in a document-by-document review of the Davis Polk Documents. The Court finds that the majority of documents were once again improperly withheld. In camera review of the Davis Polk Documents did not reveal any confidential legal communications exchanged, nor the rendering of legal advice. The Davis Polk Documents were thus improperly withheld under the attorney-client privilege.

For example, Document Clemhen000357 is described by Defendant as a confidential e-mail among MLB baseball player Andy Pettitte's lawyers and Hendricks. Defendant claims both attorney-client privilege and work-product privilege. However, the document itself is a list of contacts at the firm of Davis Polk Documents, the law firm retained by Pettitte. Another document, Document Clemhen000366, is also described as a confidential e-mail among Andy Pettite's lawyers and Hendricks regarding a proposed statement made by Andy Pettite to the press. (See Clemens Second Amended Privilege Log of Hendricks & Householder

8

P-049

Communications.) Such statements were prepared in anticipation of a publicly issued statement, and not in anticipation of any pending litigation or with the desire to seek legal advice. Judge Pollak found that the documents from the previous production were primarily public relations communications, and were not provisions of legal advice (Order of Sept. 18, 2013 at 12.) The Court finds the same is true of the Davis Polk Documents. All documents claimed privilege within the Davis Polk Documents pertain primarily to public relation strategies and are thus not afforded rights under the attorney-client privilege.

However, the Court does find that a select number of the documents were properly withheld as work-product protected documents.[1] These documents were written in anticipation of litigation, and therefore protected under the work-product privilege.

Judge Pollak had previously warned that the Defendant's deliberate and intentional decision to withhold documents was sanctionable. (Order of Jan. 30, 2014 at 9.) The Court similarly forewarns the Defendant here. Failure to comply with this Order will invite consequences.

---

[1] These documents are Clemhen000203-Clemhen000204; Clemhen000207-Clemhen000208; Clemhen000215; Clemhen000510; Clemhen000511; Clemhen000565; Clemhen000571-Clemhen000572.

P-049

## II. CONCLUSION

Having reviewed the parties' submissions, and for the reasons stated above, the Defendant is hereby ORDERED to produce all documents with the exception of the seven documents listed above. The Defendant is also ORDERED to comply with the requirements as enumerated in the prior discovery orders.

SO ORDERED.

DATED: November 19, 2014
Brooklyn, New York

/s/ USDJ JOHNSON
Sterling Johnson, Jr, U.S.D.J.

P-049