UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
BRIAN G. MCNAMEE,

               Plaintiff,                    09 CV 1647 (SJ) (CLP)

    v.

                                        <u>MEMORANDUM AND</u>
                                        <u>ORDER</u>
ROGER CLEMENS,

               Defendant.

-------------------------------------------------X

A P P E A R A N C E S

EMERY CELLI BRINCKERHOFF & ABADY LLP
75 Rockefeller Plaza
20th Floor
New York, NY 10019
By:   Richard D. Emery
       Earl Ward
       Debra L. Greenberger
*Attorneys for Plaintiff*

RUSTY HARDIN & ASSOCIATES, LLP
1401 McKinney Street
Suite 2250
Houston, Texas 77010
By:   Rusty Hardin
       Joe Roden
       Jeremy T. Monthy
*Attorneys for Defendant*


JOHNSON, Senior District Judge:

Pursuant to Federal Rule of Civil Procedure 72(a) ("Rule 72(a)"), Defendant Roger Clemens ("Defendant" or "Clemens") moves to modify or set aside the November 18, 2014 order ("November 18 Order") issued by United States Magistrate Judge Cheryl L. Pollak ("Judge Pollak" or the "Magistrate"). The order relates to Plaintiff Brian McNamee's ("McNamee" or "Plaintiff") Motion to Compel Clemens to produce communications with Clemens's sports agent Randal Hendricks ("Hendricks") ("Document Request 55") and all communications with Clemens's public relations strategist Joe Householder ("Householder"), as well as Householder's firm, Public Strategies, Inc. ("Document Request 57"). Clemens also moves for a stay of the November 18 Order pending the Court's decision on his Rule 72(a) motion.

The Court has reviewed the November 18 Order as well as the Clemens' submission and finds that Judge Pollak's findings were neither clearly erroneous nor contrary to law. For the following reasons, Defendant's Motion is DENIED.

**BACKGROUND**

This is the second time this Court has been forced to engage in the arbitrary review of Magistrate Judge Pollak's discovery orders. Familiarity with the facts and circumstances underlying the November 18 Order, the instant motions, and the procedural posture of this action is assumed and will only be recounted in brief.

On August 2, 2013, McNamee filed a Motion to Compel Clemens to produce documents responsive to Document Request 55 and Document Request 57. On August 13, 2013, Judge Pollak issued an order requiring Clemens to produce the contested documents for in camera review. On August 18, 2013, Clemens submitted a privilege log together with documents "arguably" responsive to Document Request 55 and Document Request 57. (Order of Jan. 30, 2014 (Dkt. No. 103) at 5.)

Judge Pollak was initially forced to review of over 900 pages of e-mails that were responsive to Document Request 55 and Document Request 57 (the "First Hendricks/ Householder Production"). On September 18, 2013, Judge Pollak issued an Order finding, among other things, that: (1) Defendant had waived his claims of attorney-client privilege and work-product protection, and (2) the privilege log belatedly produced to the Court was inadequate because the information on the log was insufficient to enable the Court to determine whether the documents were in fact privileged. After Clemens filed a Motion for Reconsideration, which this Court denied, Clemens filed a Rule 72(a) Motion to Set Aside. On April 2, 2014, this Court denied that motion, finding he had waived privilege with respect to those documents. He then moved this Court for a stay of the order requiring him to turn over the documents to McNamee. That, too, was denied. He then filed a petition in the United States Court of Appeals for the Second Circuit for a writ of mandamus, which met a similar fate.

But that was not the end of Defendant's pattern of concealment. After all of that litigation, it turned out Clemens did not fully respond to Document Request 55 and Document Request 57. Clemens informed Judge Pollak that he possessed thousands of additional pages of documents that he claims were also privileged and that he failed to produce the first time around. This second production was provided to Judge Pollak for in camera review on April 29, 2014 (the "Second Hendricks/Householder Production"). On November 18, 2014, Magistrate Judge Pollak found, among other things, that Clemens' waiver of privilege extended to this second production as well. She ordered the documents turned over by November 26, 2014.

On the morning of November 25, 2014, a day before Clemens was due to turn over these documents to McNamee, the Court received two motions filed by Clemens: a Motion to Modify or Set Aside Judge Pollak's Order pursuant to Federal Rule of Civil Procedure 72(a) (Dkt. No. 173), and a Motion to Stay the Production pending the Court's resolution of the Rule 72(a) motion. (Dkt. No. 172.)

Defendant's Motion to Set Aside the November 18 Order need not detain us long, as it is yet another eleventh hour attempt by a recalcitrant and indefatigable Defendant to delay the inevitable.

DISCUSSION

On April 2, 2014, this Court found that "it was not clearly erroneous or contrary to law for Judge Pollak to order the production of the <u>remaining documents</u> on the grounds that any privileges were waived." (Order of Apr. 2, 2014 (Dkt. No. 110) at 13) (emphasis added). As the Second Hendricks/Householder Production is part of the remaining documents responsive to Document Requests 55 and 57, Judge Pollak was correct to have again found privilege waived. Clemens defies logic by arguing that the initial privilege log related to the First Hendricks/Householder Production is unrelated to the Second Hendricks/Householder Production. All of the documents are responsive to the same discovery requests and are the subject of the same motion to compel from which this sea of motions flowed.

Accordingly, it was not clearly erroneous or contrary to law for Judge Pollak to order the production of the remaining documents on the grounds that any privileges were waived.

The Court has considered the remaining arguments and finds that they are without merit.

## CONCLUSION

Defendant has taken so many bites of this apple that—days before the feast of Thanksgiving—all that is left is a rotten core. The Motion to Set Aside is denied. He must turn over the documents pursuant to Judge Pollak's November 18 Order **by 5:00 pm on November 26, 2014** or the consequences warned of in this Court's November 19, 2014 (Dkt. No. 167) will become a reality.

The Motion to Stay is denied as moot.

SO ORDERED.

DATED:    November 25, 2014                    /s/
               Brooklyn, New York         Sterling Johnson, Jr, U.S.D.J.